WILLIS M. PARKER *v.* FIRST NATIONAL BANK.

February Term, 1915.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed May 10, 1915.

*Bankruptcy—Banks—Preference—Bank Deposits—Application on Bankrupt's Overdue Promissory Note.*

A bank that knows that one of its depositors, having a general deposit subject to check in the usual course of business, is about to file a voluntary petition in bankruptcy, has the right to apply the deposit on the depositor's overdue promissory note held by the bank in the usual course of business.

ASSUMPSIT. Plea, the general issue. Trial by the city court of Montpelier, *Moody,* Acting Judge, on an agreed statement of facts. Judgment for defendant to recover its costs. The plaintiff excepted. The opinion states the case.

*F. L. Laird* for the plaintiff.

*Erwin M. Harvey* for the defendant.

HASELTON, J. This is an action of assumpsit heard before the city court of Montpelier, *Moody,* Acting Judge. On an agreed statement of facts judgment was rendered for the defendant, and the plaintiff excepted.

The plaintiff is trustee in bankruptcy of one L. A. Flint. The defendant bank held in the usual course of business a note of Flint's for thirty-nine hundred dollars. After the note had become due the bank applied thereon the sum of one hundred nine dollars and seventy cents which Flint "had on deposit in the defendant bank in a commercial or check account." At that time the bank had information that Flint was about to file a petition in bankruptcy. Beyond all question the bank had a right to make this application if the sum applied was a general deposit. *Bank* v. *Massey,* 192 U. S. 138, 48 L. ed. 380, 24 Sup. Ct. 199, and cases there cited. But the plaintiff claims that the deposit should be treated as special. However, the agreed facts show no feature of a special deposit, but only that the deposit was general, subject to check in the usual course of business.

The plaintiff does not claim that the subsequent bankruptcy proceedings in any way affect the matter.

*Judgment affirmed.*